Filed 6/11/13  Rector v. JP Morgan  Chase Bank CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHANNON W. RECTOR,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>     Defendant and Respondent. | F065588<br><br>(Super. Ct. No. CV002099)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Donald J. Proietti, Judge.

Channon W. Rector, in pro. per., for Plaintiff and Appellant.

Wargo & French, Mark Block, Shanon J. McGinnis and Jeffrey N. Williams for Defendant and Respondent.

-ooOoo-

---

\*        Before Kane, Acting P.J., Franson, J. and Peña, J.

Appellant filed a quiet title action against respondent. Respondent's demurrer was sustained with leave to amend. Appellant filed a first amended complaint that was substantially identical to the original complaint and did not file any opposition to respondent's demurrer to the first amended complaint.[1] The court sustained respondent's demurrer to the first amended complaint without leave to amend. This appeal followed.

## DISCUSSION

We review an order sustaining a general demurrer de novo to determine whether the complaint alleges facts sufficient to state a cause of action. (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111.)

In order to state a cause of action to quiet title, a verified complaint must include the following: (a) a description of the property that is the subject of the action, (b) the plaintiff's title and the basis of the title, (c) the adverse claims to the title, (d) the date as of which the determination is sought, and (e) a prayer for the determination of the title of the plaintiff against the adverse claims. (Code Civ. Proc., § 761.020.[2])

Both appellant's original complaint and his first amended complaint failed to allege appellant's title and the basis of the title as required by section 761.020, subdivision (b). This was the basis of respondent's demurrer. Appellant did not file any written opposition, and the trial court properly sustained the demurrer.

The remaining question is whether further leave to amend should have been granted. We review this under the abuse of discretion standard. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) An abuse occurs if there is a reasonable possibility that the pleading defect can be cured by amendment. The burden of proving such is squarely on the plaintiff. (*Ibid.*)

---

[1] He did appear in opposition at the hearing.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

We find no abuse of discretion here. The original complaint failed to state a cause of action to quiet title because it failed to allege appellant's title and the basis of the title. The original demurrer was sustained with leave to amend. Appellant filed a first amended complaint, but did not cure the defect. Furthermore, when respondent demurred to the first amended complaint, appellant did not file any written opposition. Appellant has not carried his burden of showing that there is a reasonable possibility that he can cure the defect by amendment. Thus, there has been no abuse of discretion in sustaining the demurrer to the first amended complaint without leave to amend.

## **DISPOSITION**

The judgment of the trial court is affirmed.